IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM BRIDGEWATER,

                            Plaintiff,

        v.                                         CASE NO. 19-3105-SAC

JEFF EASTER,

                            Defendant.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff William Bridgewater brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Bridgewater is an inmate at the Sedgwick County Detention Facility (SCDF) in Wichita, Kansas. He has been convicted of a state felony and is awaiting sentencing. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

## I. Nature of the Matter before the Court

Plaintiff's complaint (ECF No. 1) alleges conditions at SCDF are overcrowded. Mr. Bridgewater describes an incident on February 10, 2019, where he got up from a table where he had been eating to return his empty meal tray and tripped over a chair, which caused him to fall into a chair occupied by another inmate and injure his back. He claims the sleeping area is also cramped and inmates have no room to eat, walk around, or talk on the phone privately. Plaintiff states he fears for his safety as a result of the crowded conditions in the old work release building at SCDF ("Annex") where he is housed.

1

Plaintiff names as defendant Jeff Easter, Sedgwick County Sheriff. He requests relief in the form of $5,000,000 in compensatory damages and an order to bring the SCDF Annex up to code.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

    **A. Failure to state a claim of a constitutional violation**

Plaintiff brings one count in his complaint, alleging his constitutional rights have been violated by the overcrowded conditions in the SCDF Annex. He does not specify which right has been violated, but claims based on the conditions of confinement fall under the Eighth Amendment. An Eighth Amendment challenge to prison conditions must contain facts showing both (1) that the conditions resulted in a "sufficiently serious" deprivation "so as to constitute a substantial risk of serious harm" or, in the alternative, that the conditions deprived the inmate of "the minimal civilized measure of life's necessities"; and (2) that the responsible officials acted with deliberate indifference to the prisoner's conditions. *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001). The Constitution does not require comfortable prisons, but it does require that inmates have "adequate food, clothing, shelter and medical care." *Barney,* 143 F.3d at 1310-11. "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

In *Rhodes*, the U.S. Supreme Court considered a claim that prison overcrowding violated the Eighth Amendment. The court found that crowded conditions requiring double-celling of inmates did not amount to cruel and unusual punishment where the conditions "did not lead to deprivations of essential food, medical care, or sanitation" or increase violence among inmates. *Id.*

The conditions Mr. Bridgewater describes may not be ideal, but they do not amount to cruel and unusual punishment as required to state an Eighth Amendment claim. Plaintiff does not allege he has been deprived of the adequate food, clothing, shelter or medical care. Nor does his complaint demonstrate that the conditions at the SCDF Annex create a substantial risk of serious harm. Mr. Bridgewater describes one incident where he tripped over a chair and fell into another chair, and he alleges he has blood pressure issues that cause him to be at risk for falling. However, Plaintiff does not explain why he would not be at risk for falls in a different environment. He makes the conclusory statement that the cramped conditions "make[ ] for a very vulnerable situation for other [inmates] and deputies." ECF No. 1, at 3. Nonetheless, his allegations do not reflect the type of "extreme deprivation[ ]" "sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff has failed to state facts sufficient to support a plausible Eighth Amendment claim. Plaintiff is given time to allege additional, sufficient facts or to otherwise show cause why this action should not be dismissed for failure to state a claim in federal court of a federal constitutional violation.

**B. Prior lawsuit on same grounds**

Mr. Bridgewater states in his complaint that he filed a lawsuit in state court dealing with the same facts involved in this action. ECF No. 1 at 4. A review of online state court records reveals he filed a lawsuit on March 20, 2019, against the same defendant, Sheriff Easter, in the District Court of Sedgwick County, Kansas.[1] According to the docket sheet, that lawsuit was dismissed on July 1, 2019, when the state court judge granted the defendant's motion to dismiss.

---

[1] Case No. 2019-CV-000610-TO, Sedgwick County District Court. The Kansas Office of Judicial Administration provides online access to limited district court records, including docket sheets, of which this Court takes judicial notice, at www.kansas.gov/countyCourts/search/records.

Where a plaintiff has previously filed a lawsuit based on the same facts or cause of action, suing the same defendant, and that lawsuit was decided on the merits, he cannot relitigate issues that were or could have been raised in that action by filing a lawsuit in a different court. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998); *see also Muniz v. Moore*, 375 F. App'x 841, 843 (10th Cir. 2010) (quoting *Nwosun v. Gen. Mills Rests., Inc.,* 124 F.3d 1255, 1257 (10th Cir. 1997). The second lawsuit is barred by res judicata. *Nwosun*, 124 F.3d at 1257.

Based on the limited information available to the Court, it appears this action may be barred by res judicata. Mr. Bridgewater is directed to show cause why res judicata should not apply here.

## IV. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file an amended complaint in which he (1) alleges sufficient facts to state a claim for a federal

---

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3105-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

6

constitutional violation and show a cause of action in federal court; and (2) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 26, 2019**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 26, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

**DATED:  This 26th day of July, 2019, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**